UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ABDELRAHMAN KHALED ISMAEL
HAMED,

     Petitioner,

v.

KEVIN RAYCRAFT,

     Respondent.

_____/

Case No. 1:26-cv-1643

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to proceed *in forma pauperis*. For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.7; Suppl. Pet., ECF No. 8.)

In an Order entered on June 1, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the March 18, 2026, bond hearing on June 2, 2026. (Resp., ECF No. 6; Recording of Mar. 18, 2026, Bond Hearing, filed on June 2, 2026.)

## II.     Relevant Factual Background

Petitioner is a citizen of Egypt who entered the United States in 2025. (*See* 2026 Form I-213, ECF No. 6-1, PageID.33) On February 23, 2026, Petitioner was arrested by ICE. (*Id.*, PageID.34.)

On March 18, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (*See* Recording of Mar. 18, 2026, Bond Hearing, filed on June 2, 2026.) In a written order issued on April 6, 2026, the Immigration Judge denied Petitioner's request for bond, stating: "Danger denied. Recent arrest for domestic violence. Respondent was accused of choking and threatening to kill his wife." (Apr. 6, 2026, Order Immigration Judge, ECF No. 6-3, PageID.43.)

## III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 18, 2026. (*See* Pet., ECF No. 1); *see also Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).[1]

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an

---

[1] To the extent that Petitioner believes a change in circumstances warrants the Immigration Court's reconsideration of his prior bond denial (*see, e.g.*, Suppl. Pet., ECF No. 8), such a request must be made to the Immigration Court. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### **Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:        June 9, 2026                                  /s/ Jane M. Beckering
                                                             Jane M. Beckering
                                                             United States District Judge